UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Korell Battle, #292294, *aka Korell Robert Floyd Battle*,<br><br>                     Plaintiff,<br><br>vs.<br><br>Major Thiery (sic) Nettles, sued in individual capacity for damages in 42-1983 claims, sued in official capacity for state claim damages,<br><br>                     Defendants. | C/A No.: 2:13-660-CMC-BHH<br><br>Report and Recommendation |

**Background of this Case**

Korell Battle ('Plaintiff") is incarcerated at the Perry Correctional Institution ("PCI") in Pelzer, South Carolina, a facility run by the South Carolina Department of Corrections ("SCDC"). The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against Major Thier[r]y Nettles (Defendant), an employee at PCI.

A review of the § 1983 complaint reveals that Plaintiff alleges assault and battery by the Defendant in violation of his Eighth Amendment rights. Plaintiff also alleges the Court has supplemental jurisdiction over the state law claims raised. This matter appears to be a continuation of Civil Action No. 2:12-2476-CMC-BHH (D.S.C. 2012)[1], wherein the Plaintiff was accused of throwing juice on a correctional officer. Plaintiff claims, in short, that use of the restraint chair and

---

[1] A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

a response team was in violation of SCDC policy, and was a violation of state law. He seeks compensatory, nominal, and punitive damages.

Specifically, Plaintiff describes in his Complaint the entry of the response team into his cell during the incident, and his response to them. Plaintiff claims that SCDC policy 30.3 applies to the throwing of food. According to the Plaintiff, the punishment for violation of this policy is "cup taken for 90 days." Plaintiff claims that SCDC Policy 30.5 applies to inmates who throw other substances which constitute a health risk to staff. Punishment for violation of this latter policy, according to the Plaintiff, is criminal charges and the restraint chair. Thus, Plaintiff seems to argue that, even if he threw juice on a correctional officer, he should not have received the punishment he received.

## Discussion

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As noted above, the above-captioned matter is the second case filed by the Plaintiff concerning an alleged use of excessive force on October 14, 2010. In an order filed in Civil Action No. 2:12-2476-CMC-BHH (D.S.C. 2012) on September 26, 2012, the undersigned authorized service of process and directed the Defendants to file an answer or other responsive pleading.

On February 12, 2013, the Defendants filed a Motion for Summary Judgement, and a memo in support. (ECF No. 26-1). The memo indicated, among other things, that "Major Thierry

Nettles (Major Nettles) was notified of the incident and gave authorization to place Battle into the restraint chair for throwing juice at Sergeant Aranda." *Id.* at 2. Plaintiff did not name Defendant (Major Nettles) in his previous lawsuit. Plaintiff, however, is free to seek leave to amend his Complaint filed in Civil Action No. 2:12-2476-CMC-BHH (D.S.C. 2012).

In any event, the Complaint in the above-captioned case is subject to summary dismissal because it is duplicative to the Complaint filed in Civil Action No. 2:12-2476-CMC-BHH. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d 1295, 1296 (5th Cir. 1970).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

s/Bruce H. Hendricks
United States Magistrate Judge

May 9, 2013
Charleston, South Carolina


***The plaintiff's attention is directed to the important Notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).